IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LUVAL WILSON,                           *
                                        *
        Plaintiff,                      *
                                        *
        v.                              *        CV 424-081
                                        *
FEDEX GROUND PACKAGE SYSTEM,            *
INC.,                                   *
                                        *
        Defendant.                      *

_____

**O R D E R**
_____

Presently pending before the Court is Defendant's motion to dismiss.  (Doc. 4.)  For the following reasons, Defendant's motion is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff LuVal Wilson filed suit against Defendant in the Superior Court of Chatham County, Georgia on April 1, 2024, alleging a discrimination/hate crime and seeking a settlement of $50 million.  (Doc. 1-1, at 4.)  She attached a charge of discrimination (the "Charge") on an Equal Employment Opportunity Commission ("EEOC") form in which she states: "I believe that I have been discriminated against because of my religion (Pentecostal Holiness), and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended."  (Id. at

6-7.)    Plaintiff alleges Defendant discriminated against her because they told her she could no longer wear dresses to work, but she only wears dresses because of her religion.    (Id. at 4.)

On May 1, 2024, Defendant removed the case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.    (Doc. 1, at 1.)    It asserts the Court has original jurisdiction over the action because the complaint alleges conduct that is "prohibited against the Law of the United States Court" and alleges religious discrimination and retaliation under Title VII.    (Id. at 2.)

On May 8, 2024, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to exhaust her administrative remedies.    (Doc. 4, at 1-2.)    It argues a condition precedent to a Title VII action is the filing of a charge of discrimination with the EEOC and receipt of a right to sue letter.    (Id. at 2.)    Since Plaintiff does not allege nor address whether and/or when she received a right to sue letter, Defendant argues she failed to state a claim.    (Id.)    Plaintiff has not filed an explicit response to the motion to dismiss but filed two notices, one of which has a right to sue letter attached to it. (Doc. 13, at 3; Doc. 14.)


## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint.    Scheuer v.

2

Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th

Cir. 1993) (citing <u>Exec. 100, Inc. v. Martin Cnty.</u>, 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. (Doc. 4, at 3-6.) It argues Plaintiff did not allege or address in her complaint whether she received a right to sue letter. (<u>Id.</u> at 4.) As such, it argues the complaint should be dismissed. (<u>Id.</u> at 6.)

"Before instituting a Title VII action in federal district court, a private plaintiff must file an [EEOC] complaint against the discriminating party and receive statutory notice from the EEOC of her right to sue the respondent named in the charge." <u>Burnett v. City of Jacksonville</u>, 376 F. App'x 905, 906 (11th Cir. 2010) (citations omitted and alterations adopted). Thereafter, "a plaintiff must generally allege in her complaint that all conditions precedent to the institution of the lawsuit have been fulfilled." <u>Id.</u> at 906-07 (quotations and citation omitted and alterations adopted).

Plaintiff attached the Charge to her complaint, but she made no allegations that she completed the administrative process with the EEOC before filing suit. (<u>See</u> Doc. 1-1, at 4-7.) It was not until Plaintiff filed her July 8, 2024 notice that the Court had any indication a right to sue letter existed. (Doc. 13, at 3.)

4

Because a plaintiff must allege *in her complaint* that all conditions precedent have been fulfilled, Plaintiff's complaint as it stands is insufficient. See Burnett, 376 F. App'x at 906-07 (citations omitted).

Although Plaintiff failed to allege that she exhausted her administrative remedies, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015) (citations omitted). As such, Plaintiff is **DIRECTED** to file an amended complaint within **THIRTY DAYS** of the date of this Order. Plaintiff is advised her amended complaint will supersede the original complaint and therefore must be complete in itself. Plaintiff is cautioned that failure to comply with this Order within the prescribed time, or to notify the Court of a change in address, will result in dismissal of her action. Because Plaintiff's complaint as it stands will no longer be the operative complaint, Defendant's motion to dismiss the complaint is **DENIED AS MOOT**. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint").

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 4) is **DENIED AS MOOT.** Plaintiff shall file an amended complaint within **THIRTY DAYS** of the date of this Order in accordance with the above instructions.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of February, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA